UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 12-3477**

-----------------------------------------------------------------

JAMIE GEORGE and JAMES GEORGE,

                Plaintiffs,

                **COMPLAINT**

     -against-   SUMMONS ISSUED

THE CITY OF NEW YORK, P.O. ARMAND
SAITTA, Shield No. 3064, Individually and in
his Official Capacity, and P.O.'s "JOHN DOE" #1-10,
Individually and in their Official Capacity (the name)
John Doe being fictitious, as the true names are presently
unknown)

                Defendants.

**JURY TRIAL DEMANDED**

BLOCK, J.
MANN, M.J.

-----------------------------------------------------------------X

        Plaintiffs JAMIE GEORGE and JAMES GEORGE by their attorneys, COHEN &
FITCH LLP, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

     1.     Plaintiffs brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

     2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

     3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JAMIE GEORGE is an African American female and has been at all relevant times a resident of the City and State of New York.

7. Plaintiff JAMES GEORGE is an African American male and has been at all relevant times a resident of the City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants, P.O. ARMAND SAITTA, Shield No. 3064 and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On or about February 2, 2012 at approximately 8:00 p.m., plaintiff JAMIE GEORGE and her father, plaintiff JAMES GEORGE were lawfully present in their home at 60 Moore St., in Kings County, in the City and State of New York.

14. At the aforesaid time and place plaintiff JAMIE GEORGE had just come home from work and plaintiff JAMES GEORGE was lying in bed with his grandchildren when several defendant officers burst through the apartment's front door with their guns drawn.

15. Upon information and belief, the police officers did not enter pursuant to a valid search warrant.

16. Defendant officers did not provide a copy of any warrant to plaintiffs despite repeated requests.

17. Upon information and belief, no occupants of the apartment, including plaintiffs, were listed or described as suspects or targets on any application for any warrant.

18. Upon information and belief defendants knowingly and/or recklessly relied on false/inaccurate information to obtain the search warrant and/or omitted material information from a confidential informant that if known by the issuing judge would have caused the warrant not to issue.

19. Defendant police officers then used this invalid search warrant to aggressively enter plaintiff's home with their guns drawn, terrorizing all the occupants.

20. Defendants immediately placed plaintiffs under arrest, handcuffing their arms tightly behind their backs and began searching their home.

21. Defendants did not find any drugs or contraband in plaintiffs' custody or control nor were plaintiffs engaged in any criminal or unlawful activities.

22. Nevertheless, defendants hauled plaintiffs into police vehicle and transported them to a nearby police precinct, and falsely alleged that they were in possession of controlled substances.

23. Plaintiff JAMES GEORGE informed defendants that he takes blood pressure medication, however defendants refused to allow him to take his medication, causing him to feel ill.

24. At no time on February 2, 2012 did defendants possess probable cause to arrest plaintiffs.

25. At no time on February 2, 2012 did plaintiffs posses any amount of an controlled substance or illegal contraband, have any reason to believe controlled substances were present in their home, or behave criminally or unlawfully in any way.

26. At no time on February 2, 2012 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiffs.

27. After spending approximately forty (40) hours in police custody plaintiff JAMIE GEORGE was released when the Kings County District Attorney's Office declined to prosecute charges against her.

28. After spending approximately twenty-eight (28) hours in police custody plaintiff JAMIE GEORGE was released when the Kings County District Attorney's Office declined to prosecute charges against him.

29. As a result of the foregoing, plaintiff JAMIE GEORGE and JAMES GEORGE sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs JAMIE GEORGE and JAMES GEORGE of the rights, privileges and immunities guaranteed to citizens of the

United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiffs' liberty were restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### THIRD CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. The aforementioned unconstitutional customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to the following:

   a) executing search warrants and arresting any and all individuals in said premises regardless of individualized probable cause;

   b) arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

   c) arresting individuals despite a lack of probable cause for the sole purpose of inflating officers' arrest statistics.

39. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before

the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in the one of the occupants room and were held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

40.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

41.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

43. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained.

44. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

45. The acts complained of deprived plaintiffs of their rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

    D. Not to have summary punishment imposed upon them; and

    E. To receive equal protection under the law.

46. As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiffs JAMIE GEORGE and JAMES GEORGE demand judgment against defendants as follows:

    i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

    iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
July 2, 2012

BY: _____
GERALD COHEN
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
gcohen@cohenfitch.com
jfitch@cohenfitch.com